**CONTINENTAL WESTERN FIRE IN-
SURANCE COMPANY, Respondent,**

v.

**POLY INDUSTRIES, INC., Appellant,**

**State Bank of Young America,
Respondent.**

**No. CO–83–1406.**

Court of Appeals of Minnesota.

June 19, 1984.

---

Jon A. Hanson, Jesse & Cosgrove, Minneapolis, Robert Nicklaus, Chaska, for respondents.

Roger L. Gilmore, Gilmore Law Office, Hutchinson, for appellant.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

Poly Industries, Inc. appeals from a declaratory judgment determining that Continental Western Fire Insurance Company was not liable for a loss caused by an explosion on its premises. The court decided that the loss was not covered by the insurance policy of defendant Continental Western because the explosion resulted from an increase in the hazard within the control and knowledge of Poly Industries.

We agree.

## FACTS

On September 22, 1982 a fire and explosion occurred on the premises owned and

occupied by appellant, Poly Industries, Inc. The explosion was caused by the emission of flammable vapors from a container of ethylene oxide.

The appellant was a manufacturer of soaps and detergents, which required the storage and use of isopropyl alcohol, methyl alcohol and toluene—all flammable solutions. Several weeks before the explosion, the appellant had also begun experimenting with an agricultural crop oil, and had purchased ethylene oxide to be used in the production of the crop oil. Ethylene oxide is an extremely flammable liquid which is dangerously reactive. The premises were covered by a fire insurance policy issued by Continental Western Fire Insurance Company. Continental denied coverage, claiming that the explosion had occurred as a result of an increase in hazard brought about by the appellant's use of ethylene oxide on the premises.

## ISSUE

Did the findings of the trial court and the evidence submitted at trial support the conclusion of the trial court that the appellant had increased the hazard and that the increase was within the control and knowledge of the appellant?

## ANALYSIS

Continental denies coverage on the basis of an exclusory clause in the policy which stated:

"Unless otherwise provided in writing added hereto, this company shall not be liable for loss occurring:

(a) while the hazard is increased by any means within the control or knowledge of the insured ..."

That provision was taken from the Minnesota Standard Fire Insurance Policy as enacted in Minn.Stat. § 65A.01 subd. 3.

### I.

#### Increase in Hazard.

The trial court concluded that there was increase in the hazard. There is substantial testimony supporting this conclusion. All experts, including the appellant's own expert, testified that ethylene oxide has a much higher and different reactivity rating and a significantly lower boiling point than any other flammable solution used by the appellant.

### II.

#### Control.

There is no doubt that the appellant exercised physical control over the ethylene oxide cannister, since it was ordered by the appellant and delivered to the appellant's premises where it exploded.

### III.

#### Knowledge.

The appellant argues that mere physical control over the premises is insufficient, and that "control" requires or means "knowledge." Appellant cites *Holtorf v. Rochester Farmers Mutual Fire Ins. Co.*, 190 Minn. 44, 250 N.W. 816 (1933) and *Schaffer v. Hampton Farmers Mutual Fire Ins. Co.*, 183 Minn. 101, 235 N.W. 618 (1931). However, these cases involved landlord/tenant situations where the insured-landlord was not actually on the premises, and merely indicate that to be liable for an increase in hazard a landlord must actually know of the activity. In the instant case it is at least arguable that knowledge is not an issue because the appellant clearly controlled the premises. However, the term "increase in hazard" has been defined as an act or acts by the insured which are "reasonably calculated to increase the risk." 5 Appleman, *Insurance Law and Practice*, § 2941 at 3 (1970). The court in *Plaza Equities Corp. v. Aetna Casualty and Surety Co.*, 372 F.Supp. 1325, 1331 (S.D.N.Y.1974) states:

"An increase of hazard occurs only when the insured performs acts which are reasonably calculated to increase the risk and which he knows or should know will increase the risk."

"Knows or should know" is not merely a negligence standard, however. In *Plaza*

*Equities* the court specifically added: "The negligence or misjudgment of the insured, which caused the loss here, is insufficient." *Id.*, citing the Minnesota decision of *Brooks Upholstering Co. v. Aetna Insurance Co.*, 276 Minn. 257, 149 N.W.2d 502 (1967).

The evidence in this case supports the trial court's conclusion that the appellant knew of or should have known of the increased hazard. Vern Mortensen, an employee responsible for formulating products, testified that he knew ethylene oxide had a boiling point of 51 degrees Fahrenheit (lower than all other chemicals on the premises), and that it came in pressurized containers labeled "flammable." There was also evidence that he knew it was "highly" flammable.

## DECISION

The evidence supports the trial court's determination that the explosion was caused by an increase in loss within the control and knowledge of the appellant.

Affirmed.